IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID ROWKOSKY, | : |
| Plaintiff | : |
| | : CIVIL NO. 3:CV-05-0583 |
| v. | : |
| | : (Judge Caputo) |
| JILL A. MORAN, *ET AL.*, | : |
| Defendants | : |

**O R D E R**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

David Rowkosky, an inmate housed at the Mahanoy State Correctional Institution ("SCI-Mahanoy"), Frackville, Pennsylvania, commenced this action on March 23, 2005, by filing a Complaint against Jill A. Moran, the Luzerne County Clerk of Courts, and several unidentified John Does. On May 2, 2005, the Court directed service on Moran. (Doc. 13, Order.) The Marshals Service "served" Moran at the Prothonotary's Office on October 5, 2005. (*See* Doc. 15, Process Receipt and Return.) A bookkeeper, not Moran, accepted service on Moran's behalf as the Marshal noted that "subject was not in office." (*Id.*) On September 30, 2008, noting the absence of a response by Moran, the Clerk of Court entered default against her. (Doc. 41.) This matter is presently before the Court on Plaintiff's Motion for Default Judgment against Moran, and Moran's Petition for Relief.[1] (Docs. 40 and 44.)

---

[1] Since only default has been entered against Moran, and Plaintiff is currently seeking entry of default judgment, Moran's Petition will be construed as a Motion to Set Aside Default pursuant to Fed.R.Civ.P. 55(c).

The policy of the Third Circuit Court of Appeals is one of "disfavoring default judgments and encouraging decisions on the merits." *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988)(citation omitted).  Nevertheless, the "decision to set aside the entry of default pursuant to Fed.R.Civ.P. 55(c) ... is left primarily to the discretion of the district court."[2]  *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984).  The Third Circuit Court of Appeals requires district courts to consider three factors in making such a determination: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 256 - 257 (3d Cir. 2008)(citing *$55,518.05 in U.S. Currency*, 728 F.2d at 194 - 195).

Rowkosky points to the Marshal's return of personal service on Moran to demonstrate that her failure to file an answer or otherwise respond to his Complaint is a willful act of defiance.  However, he offers no evidence to support such an assertion.  Moran's explanation for the default is multifaceted and offers a meritorious defense.  Moran suggests that the employee who accepted service of the Complaint lost it or misplaced it without giving it to her.  Moran also notes that her office was without a Solicitor for a period of time, thus the documents could have been properly forwarded to that office by staff, without her knowledge, and mislaid there, again without her knowledge.  Furthermore, upon learning of the action and entry of default, Moran promptly sought to rectify the oversight.

---

[2] Federal Rule of Civil Procedure 55(c) states that "[f]or good cause shown the court may set aside an entry of default ...."

Rowkowsky will not be prejudiced by the lifting of the Clerk's entry of default as Plaintiff only recently identified and substituted a single John Doe defendant, Robert F. Reilly, the Luzerne County Clerk of Courts.  Reilly filed an Answer to the Complaint on December 5, 2008.  As such, Rowkosky cannot demonstrate any prejudice to him by the lifting of the entry of default against Moran at this time.

For the foregoing reasons, the Court will deny Rowkosky's Motion for Entry of Default (Doc. 40), grant Moran's Motion to Set Aside Default (Doc. 44), order Moran to file an Answer or other response to the Complaint, and direct the Clerk of Courts to set aside the entry of default (Doc. 41).

An appropriate Order will be entered.

**/s/ A. Richard Caputo**
**A. RICHARD CAPUTO**
**United States District Judge**

**Dated:  January 21, 2009**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID ROWKOSKY,** : | |
| : | |
| Plaintiff : | |
| : | CIVIL NO. 3:CV-05-0583 |
| v. : | |
| : | (Judge Caputo) |
| **JILL A. MORAN, *ET AL*.,** : | |
| : | |
| Defendants : | |

**O R D E R**

**NOW**, this **21st** day of **January, 2009,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Rowkosky's Motion for Entry of Default Judgment (Doc. 40) is **DENIED**;

2. Moran's Petition for Relief (Doc. 44) will be construed as a Motion to Set Aside Default;

3. Moran's Motion to Set Aside Default (Doc. 41) will be **GRANTED**;

4. The Clerk of Court shall **SET ASIDE** the entry of default entered September 30, 2008 (Doc. 41);

5. Moran will have ten (10) days from the date of this Order to file an Answer or otherwise response to the Complaint.

6. The Clerk of Court shall send Moran a copy of the Complaint in this matter.

                                                          /s/ A. Richard Caputo
                                                          **A. RICHARD CAPUTO**
                                                          **United States District Judge**