# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID ROWKOSKY,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL NO. 3:CV-05-0583** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **JILL A. MORAN,** *ET AL.*, : | |
| : | |
| **Defendants** : | |

# M E M O R A N D U M

## I.   Introduction

David Rowkosky, an inmate presently confined at the Smithfield State Correctional Institution (SCI-Smithfield), in Huntingdon, Pennsylvania, brings this action under 42 U.S.C. § 1983, alleging denial of his right of access to the courts. Named as defendants are the following present and past Luzerne County employees: Jill Moran, Prothonotary,[1] and Robert F. Reilly, Clerk of Courts.  Mr. Rowkosky alleges after forwarding a civil rights complaint and filing fee to Jill Moran for processing in her capacity as Clerk of Court, his check was returned by that office and his complaint was never properly filed or served.  (Doc. 1, Compl.)

Presently before the Court are cross-motions for summary judgment filed by Ms. Moran and Mr. Rowkosky.  Ms. Moran has filed a statement of material facts, and brief in support of her motion. *See* Doc. 53.  Ms. Moran seeks summary judgment on the basis of Mr. Rowkosky's failure to state an access to courts claim,

---

[1] Mr. Rowkosky originally identified Ms. Moran as the Luzerne County Clerk of Courts, however, as discussed *infra*, she has never held that position.

or any other viable legal claim against her based on the allegations in his Complaint and his improper responses to her Request for Admissions.[2] Mr. Rowkosky has not filed a statement of material facts[3] nor exhibits in support of his motion for summary judgment, but has filed a supporting brief.[4] *See* Doc. 55.

On August 27, 2009, the Court noted that neither party had opposed the other party's motion to dismiss, and directed the parties to do so. *See* Doc. 56. Ms. Moran filed her materials in opposition to Mr. Rowkosky's Motion for Summary Judgment on August 28, 2009. *See* Doc. 57. Although Mr. Rowkosky sought, and was granted, additional time to submit materials in opposition to Ms. Moran's potentially dispositive motion, he did not. *See* Doc. 59.

---

[2] Ms. Moran asserts that on February 9, 2009, she served Mr. Rowkosky, and the Court, with a Request for Admissions. (Doc. 53 at R. 14.) However, a review of the docket does not support this assertion. Likewise, as Ms. Moran has not filed a copy of the same in connection with her Motion for Summary Judgment, the Court cannot rely upon her unsupported representations as to their content.

[3] Local Rule 56.1 provides that every motion for summary judgment shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Local Rule 56.1 also provides that every opposition to a motion for summary judgment shall contain a separate, short and concise statement of material facts as to which there exists a genuine issue to be tried and all material facts set forth in a moving party's statement are deemed admitted by the nonmoving party unless controverted in the nonmoving party's own statement of material facts. *See* M.D. Local Rule 56.1.

[4] In his summary judgment materials Mr. Rowkosky states that he named "Robert F. Reilly as a defendant by mistake and would like to drop Robert F. Reilly from this case if the Court would grant [his] request." *See* Doc. 55 at R. 3. Based on this statement, the Court will construe Plaintiff's request to drop Robert Reilly from this action as a motion to voluntarily dismiss him from the present action, and will grant the request.

For the reasons expressed herein, Ms. Moran's Motion for Summary Judgment (doc. 53) will be granted as unopposed, and Mr. Rowkosky's Motion for Summary Judgment (doc. 54) will be denied.

**II.    Statement of Facts**

    **A.    Facts as Alleged in the Complaint**

David Rowkosky claims that in September 2002 he attempted to file a civil rights action in Luzerne County only to have it returned to him without action due to his failure to simultaneously file a motion to proceed *in forma pauperis* or the $82.00 filing fee. (Doc. 1, Compl.) Four months later, in February 2003, David Rowkosky sent Jill Moran, whom he believed to be the Luzerne County Clerk of Courts, a civil rights action, a motion to proceed *in forma pauperis* and the requisite filing fee. Three months after filing his complaint, he sent a letter of inquiry to Ms. Moran about the status of his complaint. After several months past without receiving a response, Mr. Rowkosky sent another letter to Ms. Moran on July 1, 2003 explaining his concerns that his complaint be promptly filed as the applicable statute of limitations for his suit would expire in September 2003. Sometime in mid-July 2003, Mr. Rowkosky learned that the $82.00 filing fee had been returned to his inmate account. Upon inquiry with prison officials as to whom had returned the fee, he was told that "The Clerk of Court, Luzerne County," had returned the funds. David Rowkosky claims that "Ms. Moran and the Clerk of Court, made the decision they

were not going to process [his] complaint." (Doc. 1 at R. 3.)[5]  On July 23, 2003, Mr. Rowkosky wrote again to Ms. Moran pleading that his complaint be accepted for filing.  On August 8, 2003, he wrote again to Ms. Moran recounting his 15 month struggle to file his civil complaint and that if she did not process his complaint he would take legal action against her.  On March 20, 2005, David Rowkosky filed the instant Complaint.

In his summary judgment brief, Mr. Rowkosky admits that he thought the Clerk and the Prothonotary "were the same thing."  (Doc. 55 at R. 2.)  However, he notes that he addressed all correspondence to Ms. Moran in her position as the Luzerne County Prothonotary, and not the Clerk of Courts.  (*Id*. at R. 1.)  He explains that he names the Luzerne County Clerk of Courts as a defendant because he mistakenly believed that the Clerk of Courts was Ms. Moran's supervisor.  (Doc. 55 at R. 3.)

### B.    Findings of Fact.[6]

David Rowkosky filed his Complaint in this matter on March 23, 2005.  (Ms. Moran's Statement of Material Facts (SMF) at ¶ 1.)  Ms. Moran was the duly elected Prothonotary of Luzerne County when the Complaint was filed.  (*Id*.  at ¶ 2.)  Ms. Moran has never served as the Luzerne County Clerk of Courts.  (*Id*.)  The

---

[5] Unless otherwise noted, all citations to the record reflect the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

[6] The Court's findings of fact are undisputed, and unless otherwise noted, are presented in the light most favorable to Mr. Rowkosky.

discovery period in this matter closed on April 3, 2009, without Mr. Rowkosky seeking any discovery from Ms. Moran. (*Id*. at ¶ 6.) The Office of the Clerk of Courts in Luzerne County handles filings with respect to criminal and related matters. The Office of the Prothonotary handles the filing of civil and related matters.

David Rowkowsky has not produced a copy of the alleged complaint, which he references as *Rowkowsky v. Thomas, Superintendent, Burnett, Grievance Coordinator*, for the Court's review. (Pl.'s Summ. J. Br. at R. 1; SMF at ¶ 7.)

### III. Standard of Review

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to nonmoving party. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007).

In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the

non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law. *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Liberty Lobby, Inc.*, 477 U.S. at 248, 106 S.Ct. at 2510). "[S]ummary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Berckeley Inv. Group, Ltd. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006). The moving party has the burden of showing the absence of a genuine issue of material fact, but the nonmoving party must present affirmative evidence from which a jury might return a verdict in the nonmoving party's favor. *Liberty Lobby*, 477 U.S. at 256-57, 106 S.Ct. at 2514. "The non-moving party cannot rest on mere pleadings or allegations," *El v. Southeastern Pa. Transp. Auth.*, 479 F.3d 232, 238 (3d Cir. 2007), but "must set forth specific facts showing that there is a genuine issue for trial." *Saldana v. Kmart Corp.*, 260 F.3d 228, 231 - 232 (3d Cir. 2001). Allegations made without evidentiary support may be disregarded. *Jones v. UPS*, 214 F.3d 402, 407 (3d Cir. 2000). "Conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment." *Blair v. Scott Specialty Gases*, 283 F.3d 595, 608 (3d Cir. 2002). Hearsay testimony contained in affidavits or statements that would be inadmissible at trial may not be included in an affidavit to oppose summary judgment. *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Comp.*, 998 F.2d 1224, 1234 n. 9 (3d Cir. 1993). The non-moving party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary

judgment motion. *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989).

**IV.     Discussion**

David Rowkosky asserts that Jill Moran, in her role a Luzerne County Prothonotary, failed to properly file and process his civil action against various prison officials for lost personal property. (Doc. 1, Compl.) Mr. Rowkosky claims the action he sought to file is now time barred. As relief he seeks $2,000 in damages "for [his] missing property [he] was trying" to recover in the complaint Ms. Moran "would not process," as well as $2,000 in punitive damages for denying him access to the courts. (*Id*.) Defendant Moran moves for summary judgment because, *inter alia*, Mr. Rowkosky has not identified a non-frivolous claim that was impacted by her actions.

It is undisputed that prisoners have a right to access the courts. *See Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim), or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *See Christopher v. Harbury*, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87, 153 L.Ed.2d 413 (2002). A claim for the deprivation of the constitutional right of access to the courts must allege "the underlying cause of action, whether anticipated or lost" and must "describe the official acts frustrating the litigation." (*Id*., 536 U.S. at 415, 122 S.Ct. at

2187.) To allege a proper denial of access to the court claim, a plaintiff must show that he: (1) suffered an "actual injury" by being shut out of court; (2) that defendant proximately caused the alleged violation of plaintiff's rights; and (3) "that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit. To that end, prisoners must satisfy certain pleading requirements: The complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Monroe v. Beard*, 536 F.3d 198, 206 (3d Cir. 2008) (quoting *Christopher,* 536 U.S. 415, 122 S.Ct. at 2187.)

In his Complaint, Mr. Rowkosky asserts that he attempted to file a civil action against prison officials for the loss of property. (Doc. 1, Compl.) The unspecified events giving rise to that action occurred in September 2001 based on Mr. Rowkosky's assertion that he "had [until] September 2003" to file his civil action. (*Id*.) Clearly, at this point in time, any civil action based on events occurring in September 2001 are time barred, thus Mr. Rowkosky has satisfied one of the two requirements for bringing an access to courts claim.[7] However, what is not clear are the facts of the underlying claim which must be pled in a manner that satisfied Fed. R. Civ. P. 8(a). *See Monroe*, 536 F.3d 206 n. 8. To date, Mr. Rowkosky has failed to produced a copy of the would-be complaint which Ms. Moran allegedly hampered the filing of or adequately set forth the elements of that action to allow the Court to

---

[7] Actions brought pursuant to § 1983 are governed by a two year statute of limitations. *See Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000); *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003).

determine the merit of such a claim. Thus, he has not demonstrated that he has lost the opportunity to file a non-frivolous or arguable claim with "more than [a] mere hope" of success as a result of Ms. Moran's alleged actions. *Monroe, supra*; *Christopher, supra*. Based on the undisputed record before the Court, Mr. Rowkosky has failed to state an access to courts claim against Ms. Moran. Accordingly, Mr. Rowkosky's Motion for Summary Judgment will be denied[8] and Ms. Moran's motion for summary judgment will be granted.

An appropriate Order follows.

                                              **/s/ A. Richard Caputo**
                                              **A. RICHARD CAPUTO**
                                              **United States District Judge**

**Date: September 28 , 2009**

---

[8] It is noted that Mr. Rowkosky failed to comply withe Middle District Local Rule 56.1 as he did not file a statement of material facts in support of his motion for summary judgment. Likewise, he did not file any exhibits or other form of evidence in support of his motion. Thus, there is no genuine issue for Ms. Moran to dispute with respect to his motion. As such, his motion is denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID ROWKOSKY,

    Plaintiff

v.

JILL A. MORAN, *ET AL.*,

    Defendants

CIVIL NO. 3:CV-05-0583

(Judge Caputo)

## O R D E R

**NOW**, this 28th day of **September, 2009**, in accordance with the accompanying Memorandum, it is **ORDERED** that:

1. Defendant Moran's motion for summary judgment (doc. 53) is **GRANTED**.

2. Plaintiff Rowkowsky's motion for summary judgment (doc. 54) is **DENIED**.

3. The Clerk of Court is directed to enter judgment in favor of Defendant Jill Moran and against Plaintiff David Rowkosky.

4. The Court will construe Mr. Rowkosky's brief-request (doc. 55) "to drop" Robert F. Reilly as a defendant in this action as a motion for voluntary dismissal of this action against Mr. Reilly.

5. Mr. Rowkosky's Motion for Voluntary Dismissal of all claims against Mr. Reilly is **GRANTED**.

6. The Clerk is directed to close this case.

                                        **/s/ A. Richard Caputo**
                                        **A. RICHARD CAPUTO**
                                        **United States District Judge**